```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Robert J. Morin**

    v.                                          Case No. 20-cv-615-PB
                                                      Opinion No. 2021 DNH 015

**Eastern Bearings, Inc.
d/b/a Eastern Industrial Automation**

## ORDER

Robert Morin seeks reconsideration of my December 16, 2020 order (Doc. No. 15), which denied in part and granted in part Eastern's motion to dismiss. Morin argues that I erred in dismissing his federal and state law claims for harassment based on race/national origin and association with a disabled person. Eastern objects to the motion.

Reconsideration is "appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); see L.R. 7.2(d). A party cannot use a motion for reconsideration "to undo its own procedural failures" or to "advance arguments that could and should have been presented" earlier. Allen, 573 F.3d at 53. Likewise, a motion for reconsideration is not "a

mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).  Morin's motion for reconsideration does not come even close to meeting this stringent standard.

With respect to Morin's claim of harassment based on association with a disabled person, the motion merely repeats arguments from the original papers.  As this amounts to an inappropriate effort to relitigate already decided issues, I do not engage with those arguments point-by-point.  Instead, it is sufficient to merely note that Morin has not shown, as he must, that the dismissal of the association claim stemmed from a manifest error of law.

With respect to Morin's claim of harassment based on race and national origin, Morin raises and develops new theories of liability for the first time in the motion for reconsideration. I dismissed the claim because the complaint failed to allege that the harassment occurred because of Morin's membership in a protected group, where the harasser had no awareness of Morin's Native American heritage.  Relying principally on cases decided on standing grounds, Morin now presents new legal arguments to support his claim that his harasser's awareness of Morin's protected status is immaterial.  The proper time to develop those arguments was in his opposition to Eastern's motion to

dismiss.  Eastern specifically argued in its motion that Morin's failure to allege that Eastern knew about his Native American heritage was fatal to his claim.  See Doc. No. 4-1 at 17.  Morin was, therefore, on notice of this alleged defect from the start, and he had every opportunity to develop arguments that a lack of such knowledge is inconsequential.  In his opposition brief, however, Morin "did not develop these newly presented legal theories in a comprehensive or comprehensible way." O'Rourke v. Boyne Resorts, 2014 DNH 155, 2014 WL 3547000, at *1 (D.N.H. July 15, 2014) (denying motion for reconsideration because it presented new and previously undeveloped arguments).

    Morin's failure to timely present his arguments is a sufficient basis to deny his motion for reconsideration.  See Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015); Vallejo v. Santini-Padilla, 607 F.3d 1, 7 n.4 (1st Cir. 2010); Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003).  As the First Circuit has explained, once the district court issues a ruling, "a litigant should not be allowed to switch from theory to theory like a bee in search of honey." Cochran, 328 F.3d at 11.  This rule has "deep prudential roots" and is designed to prevent wasting judicial resources, unfairness to the other party, and gamesmanship.  See id.  If the rule is to be meaningful, it must be enforced in cases like this where counsel had ample

3

opportunity to frame the issue and now seeks to reap rewards from inexcusable delay. Accordingly, to the extent Morin relies on arguments not previously raised or developed, he has not established a basis for reconsideration.

In any event, Morin has not shown that the dismissal of his hostile work environment claim resulted from a manifest error of law. He does not cite controlling precedent to support his new arguments. Instead, both parties have focused principally on cases involving standing to sue under Title VII. But standing is not a problem in this case because, as a member of a protected group, Morin is within the zone of interests that Title VII sought to protect. See Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 178 (2011). The real issue raised in the motion for reconsideration, albeit inarticulately, concerns discriminatory intent. Specifically, the question is whether hostile work environment claims require discriminatory intent and whether the complaint here forecloses the possibility of inferring such intent where it concedes that the derogatory remarks about Native Americans were not directed at a known member of that protected group. This question raises substantial issues that the parties' briefs on the motion for reconsideration do not adequately address, again underscoring the very reason these motions are not the proper vehicle for raising new arguments.

Controlling case law suggests that hostile work environment claims under Title VII require discriminatory intent and that this element cannot be satisfied in circumstances such as these. Hostile work environment claims are derivative of disparate treatment claims. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998). Disparate treatment claims require a "discriminatory intent or motive." Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986 (1988)). By extension, in hostile work environment claims, "[t]he harassment . . . must stem from an impermissible motivation." Brader v. Biogen Inc., 983 F.3d 39, 59-60 (1st Cir. 2020) (quoting Maldonado-Cátala v. Municipality of Naranjito, 876 F.3d 1, 10 (1st Cir. 2017)); see also Quiles-Quiles v. Henderson, 439 F.3d 1, 7-8 (1st Cir. 2006) ("[A]n employee claiming harassment must demonstrate that the hostile conduct was directed at him because of a characteristic protected by a federal anti-discrimination statute."). The complaint does not allege that the harasser either knew about Morin's heritage or directed his comments at someone else known to be Native American. In analogous circumstances, the First Circuit, in analyzing a hostile work environment claim, discounted harassing conduct that occurred before the harasser became aware of the plaintiff's protected status, because the conduct "was not directed at [the plaintiff] *because of* his"

5

protected trait. See Quiles-Quiles, 439 F.3d at 7-8 (emphasis in original). Accordingly, it was not a manifest error to dismiss Morin's claim for failure to allege that the harassment was on account of his protected status.

For the foregoing reasons, the motion for reconsideration (Doc. No. 17) is denied.[1]

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

January 22, 2021

cc:  Leslie H. Johnson, Esq.
     Brian H. Lamkin, Esq.
     Julie B. Brennan, Esq.

---

[1] This case is not the first time that Morin's counsel has inappropriately attempted to present new legal theories in a motion for reconsideration. See O'Rourke, 2014 WL 3547000, at *1. Counsel needs to be mindful that substantive motion practice requires a significant expenditure of judicial resources. Motions for reconsideration should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling.